**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

                                                Chapter 13
                                          Case No.: 15-13202-LMI

**KELVIN ALEXANDER CHARLES**

    Debtor.
_____/

**BSI FINANCIAL SERVICES, AS SERVICING AGENT
FOR U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE
OF THE IGLOO SERIES III TRUST'S *EX-PARTE* MOTION[1] FOR AN
AMENDED ORDER TO CORRECT SCRIVENER'S ERROR**

**BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES III TRUST** ("Secured Creditor"), its successor and/or assigns, by its undersigned counsel, hereby files this *Ex-Parte* Motion for an Amended Order to Correct Scrivener's Error (the "Motion"), and in support thereof states as follows:

    1.    On February 23, 2015 (the "Petition Date"), the Debtor, Kelvin Alexander Charles (the "Debtor"), filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

    2.    On July 9, 2018, Secured Creditor filed a Motion to Confirm the Automatic Stay Has Terminated and Is Not in Effect As To The Debtor and Co-Debtor Armenia Ortega [D.E. 148] (the "Motion to Confirm No Stay").

    3.    On August 7, 2018, a hearing on the Motion to Confirm No Stay was conducted and the Motion to Confirm No Stay was granted.

---

[1] This *Ex-Parte* Motion for Amended Order is filed for the sole purpose of correcting a scrivener's error as to the named Secured Creditor to correctly reflect the Secured Creditor name as BSI Financial Services, as Servicing Agent for U.S. Bank National Association as Trustee of Igloo Series III Trust.

4.     Secured Creditor asserts that as a result of a scriveners the Motion to Confirm No Stay and the proposed order submitted incorrectly denoted the secured creditor as BSI Financial Services, as Servicing Agent for HMC Assets, LLC Solely in its Capacity as Trustee for U.S. Bank National Association as Trustee for Igloo Series III Trust.

5.     Secured Creditor asserts that the correct name of secured creditor is BSI Financial Services, as Servicing Agent for U.S. Bank National Association as Trustee for Igloo Series III Trust.

6.     On August 10, 2018, the Court entered the Order Granting Motion for Clarification of the Automatic Stay Re: # 148, Granting Motion For Relief From Co-Debtor Stay [D.E. 156] (the "Relief Order") which incorrectly denotes secured creditor as BSI Financial Services, as Servicing Agent for HMC Assets, LLC Solely in its Capacity as Trustee for U.S. Bank National Association as Trustee for Igloo Series III Trust.

7.     Secured Creditor now seeks entry of an Amended Order to correct the scrivener's error to properly reflect name of secured creditor as BSI Financial Services, as Servicing Agent for U.S. Bank National Association as Trustee for Igloo Series III Trust.

8.     Secured Creditor further asserts that no undue hardship or unjust harm will be imposed upon any interested party in this case should the Court grant the instant Motion sought herein.

9.     A copy of a proposed Amended Order is attached hereto as **Exhibit "A"**.

**WHEREFORE**, Secured Creditor, respectfully requests that this Court grant the Motion and enter an Amended Order confirming that the automatic stay has terminated and is not in

*Case No.: 15-13202-LMI*

effect as to secured creditor as BSI Financial Services, as Servicing Agent for U.S. Bank National Association as Trustee for Igloo Series III Trust.

**Dated this 15th day of August, 2018.**

> Respectfully submitted,
>
> **GHIDOTTI | BERGER, LLP**
> *Attorneys for Secured Creditor*
> 3050 Biscayne Blvd. - Suite 402
> Miami, Florida 33137
> Telephone: (305) 501.2808
> Facsimile: (954) 780.5578
>
> By:   /s/ Chase A. Berger
>      Chase A. Berger, Esq.
>      Florida Bar No. 083794
>      cberger@ghidottiberger.com

### CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

> By:   /s/ Chase A. Berger
>      Chase A. Berger, Esq.

*Case No.: 15-13202-LMI*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

| *Debtor* | *Debtor's Counsel* |
|---|---|
| **Kelvin Alexander Charles** | **Michael A. Frank, Esq.** |
| 11102 N.W. 83rd Street - #114 | 10 N.W. LeJeune Road #620 |
| Miami, FL 33178 | Miami, FL 33126 |
| | |
| *Trustee* | *U.S. Trustee* |
| **Nancy K. Neidich** | **Office of the US Trustee** |
| P.O. Box 279806 | 51 S.W. 1st Avenue - Suite 1204 |
| Miramar, FL 33027 | Miami, FL 33130 |

**Armenia Ortega**
11910 N.E. 10th Avenue
Biscayne Park, FL 33161-6414

By: /s/ Chase A. Berger
      Chase A. Berger, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 13
Case No.: 15-13202-LMI

**KELVIN ALEXANDER CHARLES**

    Debtor.
_____/

**AMENDED ORDER ON BSI FINANCIAL SERVICES, AS
SERVICING AGENT FOR U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE OF IGLOO SERIES III TRUST'S MOTION TO CONFIRM
THE AUTOMATIC STAY HAS TERMINATED AND IS NOT IN EFFECT
<u>AS TO THE DEBTOR AND CO-DEBTOR ARMENIA ORTEGA</u>**

**THIS MATTER** came before the Court on August 7, 2018 upon BSI Financial Services, as Servicing Agent for U.S. Bank National Association as Trustee for Igloo Series III Trust's Motion to Confirm the Automatic Stay has Terminated and is not in Effect as to the Debtor and Co-Debtor Armenia Ortega [D.E. 148] (the "<u>Motion</u>").  The Court, being otherwise duly advised in the premises, it is, hereby,

**ORDERED,** as follows:

1.    The Motion is **GRANTED**, as set forth herein.

# EXHIBIT "A"

2.      The Court confirms that the automatic stay has terminated and is not in effect as to the Debtor and Co-Debtor, Armenia Ortega, as to allow BSI Financial Services, as Servicing Agent for U.S. Bank National Association as Trustee for Igloo Series III Trust ("Secured Creditor") to commence and/or proceed with foreclosure proceedings regarding the real property described as follows:

**LOT 35 & 36, BLOCK 29, GRIFFING BISCAYNE PARK ESTATES, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 15, PAGE(S) 53, AS RECORDED IN THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

**A/K/A: 11910 N.E. 10TH AVE., BISCAYNE PARK, FL 33161-6414**
(the "Property")

3.      The Secured Creditor is allowed to commence and/or continue its foreclosure proceedings so as to allow the state court to enter all necessary orders, judgments, and decrees associated therewith as to the Property described herein.

4.      This relief is *in rem* only in order to complete the state court foreclosure proceedings through certificate of title and possession of the Property; however, Secured Creditor shall not seek any *in personam* relief against the Debtor or Co-Debtor without further order of the Court.

5.      The Court waives the time requirements under Rule 4001(a)(3) and deems the relief from co-debtor relief effective immediately.

6.      Secured Creditor is exempted from further compliance with Fed. Rule Bankr. P. 3002-1 in the instant bankruptcy case.

7. The Court shall retain jurisdiction over this matter to consider and enter such further relief necessary to enforce the terms and conditions of this Order.

###

Submitted by:

Chase A. Berger, Esq.
Florida Bar No. 083794
cberger@ghidottiberger.com
**GHIDOTTI | BERGER, LLP**
3050 Biscayne Boulevard - Suite 402
Miami, FL 33137
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

**Copies furnished to:**
Chase A. Berger, Esq.
Mr. Berger shall serve a conformed copy of this Order upon all interested parties and shall file a Certificate of Service within three (3) days from the entry date of this Order.